<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Heinert Luciano Intriago Alvarado,<br><br>*Petitioner,*<br><br>v.<br><br>Luis Soto, *et al.,*<br><br>*Respondents.* | Civil Action No. 26-cv-04823<br><br>**ORDER**<br><br>May 14, 2026 |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Heinert Luciano Intriago Alvarado ("Petitioner"), proceeding *pro se*, pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention (ECF No. 1); and

**WHEREAS**, Petitioner requests immediate release from custody on the ground that his detention is unlawful, unjustified, and violative of his constitutional rights (*id.* ¶ 27); and

**WHEREAS**, Petitioner, a native and citizen of Ecuador, entered the United States on or about November 8, 2023, and has since resided in New Jersey (*id.* ¶¶ 5–6); and

**WHEREAS**, Petitioner timely filed an application for asylum and withholding of removal, has appeared for asylum proceedings, and currently has further immigration proceedings scheduled before the Immigration Court for July 10, 2028 (*id.* ¶¶ 7–8); and

**WHEREAS**, Petitioner possesses valid employment authorization, a Social Security number, and a New Jersey driver's license, and has consistently filed taxes while residing in the United States, demonstrating substantial compliance with federal and state law (*id.* ¶ 8); and

**WHEREAS**, Petitioner has maintained employment with Workforce Personnel Incorporated in Monroe Township, New Jersey, and serves as the head of household for his longtime partner and their four-year-old child, for whom he provides financial support (*id.* ¶¶ 9–10); and

**WHEREAS**, on April 16, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officers who allegedly acknowledged that Petitioner maintained a pending asylum case with proceedings scheduled through 2028 and further acknowledged that Petitioner's immigration documentation was in order (*id.* ¶¶ 12–16, 22); and

**WHEREAS**, ICE officers allegedly informed Petitioner that they "did not care" about his scheduled court proceedings and would accelerate his immigration case notwithstanding his compliance with immigration authorities (*id.* ¶¶ 23–24); and

**WHEREAS**, Petitioner is presently detained at the Delaney Hall Detention Facility in Newark, New Jersey and alleges that since his detention he has suffered severe emotional and psychological distress, including depression, inability to eat, inability to sleep, and significant hardship arising from his continued confinement (*id.* ¶¶ 2, 26); and

**WHEREAS**, Respondents filed a Response to the Petition on May 13, 2026, which acknowledges that their position mirrors arguments previously rejected by numerous courts in this District addressing § 1225(b)(2) detention[1] (ECF No. 6); and

---

[1] *See, e.g., Marca Lemu v. Soto*, No. 25-cv-17098 (RMB), 2025 WL 3470298 (D.N.J. Dec. 3, 2025); *Perez v. Lyons*, No. 25-cv-17186 (ESK), 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar*, No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons*, No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas*, No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025), *appeal filed sub nom. Rivera Zumba v. U.S. Attorney Gen.*, No.

**WHEREAS**, Respondents do not allege that Petitioner is either a flight risk or a danger to the community (*see id.*); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1), Respondents' Response (ECF No. 6), and the record in this matter, and resolves the Petition on the papers submitted; and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, ____ F. Supp. 3d _____, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel*, 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their

---

25-3328 (3d Cir. Dec. 2, 2025).

detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g., Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

**IT IS,** on this 14th day of May 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner **WITHIN 24 HOURS** of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

4

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**Hon. Karen M. Williams,**
**United States District Judge**

5